IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RONALD ZIMMERMAN, § § *Plaintiff,* § § v. § § TRAVELERS LLOYDS OF TEXAS § INSURANCE COMPANY AND COREY § KRONK, § § *Defendants*. § | Civil Action No. 5:15-CV-325 |

**ORDER**

On this date the Court considered Plaintiff's motion to remand and for leave to amend the complaint (docket no. 2). For the following reasons, the Court DENIES the motion to remand and the motion to amend.

**I.    Background**

Plaintiff Ronald Zimmerman owns a residence located at 111 Routt Street, San Antonio, Bexar County, Texas. (Docket no. 1-4 at 3). Defendant Travelers Lloyds of Texas Insurance Company ("Travelers") is an insurance company that employs Defendant Corey Kronk as a claims adjuster. (Docket no. 2 at 1). Zimmerman maintains insurance on his residence with Travelers. (Docket no. 1-4 at 4). Zimmerman alleges the roofs of his house and separate cabana were damaged by hail. (*Id*. at 3). Zimmerman made a claim with Travelers Insurance for the loss on or about March 31, 2013. (*Id*.) Kronk was the claims adjuster assigned to handle Plaintiff's claim. "EFI Global (a forensic engineering firm) was hired by [Travelers] to investigate the roof damage, ultimately stating that they did not observe hail damage to the cabana roof." (*Id*.) Kronk adjusted the loss, and Travelers paid for the damage to the roof of the main home, but denied the cabana portion of the claim. (*Id*.)

Zimmerman alleges that a tree branch fell on a vent on the roof of the cabana, allowing water to enter and cause more damage to the cabana after Kronk and Travelers denied his initial claim on the cabana. (*Id*. at 3-4). Kronk re-inspected the cabana. (*Id*. at 4). Zimmerman alleges Kronk initially acknowledged the damage and agreed to cover the repair. (*Id*.) Zimmerman alleges Kronk told him that Kronk's supervisor instructed him to do so. (*Id*.)

Zimmerman filed a state court petition in the 407th Judicial District Court in Bexar County, Texas, on March 19, 2015. (Docket no. 1 at 1). Defendants removed to federal court on April 23, 2015, based on diversity jurisdiction. (*Id*. at 2). Zimmerman filed this opposed motion to remand to state court and an incomplete motion for leave to amend his complaint on May 22, 2015.[1] (Docket no. 2 at 1). Defendants responded on June 4, 2015. (Docket no. 3 at 14). Zimmerman filed again for leave to amend, this time attaching the proposed amended complaint, on June 9, 2015. (Docket no. 4).

## II.     Legal Standard

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). On a motion to remand, the court must consider whether removal was proper. Removal is proper in any case in which the federal court would have had original jurisdiction. *Id.* A federal court originally has subject matter jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Citizenship of the parties and amount in controversy are based on the facts as they existed at the

---

[1] Zimmerman's May 22, 2015 submission to the court contained a section entitled "Motion for Leave to Amend," but did not attach an actual amendment. (Docket no. 2 at 8-9). According to Rule CV-7(b) of the Local Court Rules for the United States District Court for the Western District of Texas, "When a motion for leave to file a pleading, motion, or other submission is required, an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave." Because Zimmerman did not attach an executed copy of the amended petition as an exhibit to his motion, his motion for leave to amend was improper. Zimmerman did not make a proper motion for leave to amend, with a proposed amendment included as an exhibit to the motion, until June 9, 2015. (Docket no. 4 & 4-1).

time of removal.  *Louisiana v. Am. Nat. Prop. Cas. Co*., 746 F.3d 633, 636 (5th Cir. 2014).  The court considers only the allegations in the state court petition; any amended complaints filed after removal are not considered.  *Cavallini*, 44 F.3d at 264 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("The second amended complaint should not have been considered in determining the right to remove . . . [removal] was to be determined according to the plaintiffs' pleading at the time of the petition for removal.")).

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  The removal statute is strictly construed in favor of remand.  *Vantage Drilling Co. v. Hsin-Chi Su,* 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

### III.   Analysis – Motion to Remand

A court only has diversity jurisdiction when the parties are completely diverse, i.e. when no plaintiff is a citizen of the same state as any defendant.  *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  Here, Zimmerman and Defendant Kronk are both citizens of Texas. Travelers, being a citizen of Connecticut for diversity purposes, is diverse from Plaintiff.  The amount in controversy exceeds $75,000.  (Docket no. 3 at 5).  Defendants argue that Kronk is improperly joined.  If Kronk is stricken from the suit, complete diversity exists and removal was proper.  Therefore, the Court must determine if Kronk was improperly joined.

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined."  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  To establish improper joinder, a removing party must show a plaintiff cannot "establish a cause of action against the non-diverse party in state

3

court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover" on the claims asserted against an in-state defendant. *Smallwood*, 385 F.3d at 573.

The improper joinder analysis closely resembles a Rule 12(b)(6) analysis. *Id*. However, unlike in a traditional Rule 12(b)(6) analysis, the Court has discretion to review evidence on whether plaintiff has a viable cause of action against the non-diverse defendant under state law. *Id.* (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 389 n. 10. (5th Cir. 2000)). "The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)). As a preliminary matter, pursuant to *Cavallini* and *Pullman*, the Court only considers Zimmerman's state court petition on this motion for remand because the amended pleading (docket no. 4-1) was not on file before removal.

To prevent remand, Defendants must meet their heavy burden showing Zimmerman has no reasonable basis for any of his claims against Kronk. Zimmerman asserts eight causes of action in his state court petition: (1) breach of contract, (2) violations of section 17.50(a) of the Deceptive Trade Practices – Consumer Protection Act, (3) violations of section 17.46(b) of the DTPA, (4) violations of Chapter 541 of the Texas Insurance Code, (5) violations of Chapter 542 of the TIC, (6) breach of duty of good faith and fair dealing, (7) negligence and gross negligence, and (8) negligent misrepresentation. (Docket no. 1-4 at 4-11). Of these causes of action, Zimmerman only clearly asserts the breach of duty of good faith and fair dealing, and the negligence and gross negligence claims against Kronk.

4

A. **Breach of Duty of Good Faith and Fair Dealing**

Zimmerman's claim for breach of duty of good faith and fair dealing states, in relevant part:

> . . . Plaintiff would show that a special relationship exists between Defendants and Plaintiff such that Defendant owed its insured a duty to deal fairly and in good faith. Plaintiff would further show that Defendants breached this duty owed to Plaintiff and as such, he is entitled to damages.

(Doc. 1-4, 9). Despite the inconsistent use of plural and singular constructions in the petition, the Court construes this as a claim for breach of duty of good faith and fair dealing against both Travelers and Kronk. (*See* docket no. 3 at 7; Docket no. 1-4 at 9-10) (both Zimmerman and Travelers agree that this cause of action has been stated against Kronk).

In Texas, a duty of good faith and fair dealing does not exist in the insurance context without a contract creating a special relationship between the parties. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 675, 678 (Tex. 1994) ("[I]n an insurance context, the duty of good faith and fair dealing arises only when there is a *contract* giving rise to a 'special relationship.'" And "without such a contract there would be no special relationship and hence, no duty of good faith and fair dealing." (emphasis original)); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 262 (5th Cir. 1995) (under Texas Law, "the existence of a contract, giving rise to a special relationship, is a necessary element of the duty of good faith and fair dealing." (internal quotations omitted)). Insurance adjusters typically do not sign any contract with the insured; therefore, adjusters do not typically owe a duty of good faith and fair dealing to the insured. *Great W. Inn v. Certain Underwriters at Lloyds of London*, No. CIV.A. H-11-320, 2011 WL 1157620, at *5 (S.D. Tex. Mar. 24, 2011) ("Under Texas law, an independent insurance adjuster owes no duty of good faith and fair dealing to the insured."). Thus, Texas generally does not recognize a cause of action for breach of good faith and fair dealing against insurance adjusters. *Crocker v. Am. Nat'l Gen. Ins.*

*Co.*, 211 S.W.3d 928, 937 (Tex.App.—Dallas 2007, no pet.); *see also Natividad*, 875 S.W.2d at 678.

Here, there are neither allegations nor indications in the record that Kronk signed the insurance contract between Zimmerman and Travelers.  (*See* docket no. 2-2 at 2-3, 8-9).  Zimmerman does not allege he and Kronk are both signatories to any contract.  No privity of contract exists between Zimmerman and Kronk, so there is no special relationship between them and no duty owed by Kronk.  *See Natividad*, 875 S.W.2d at 678.  Therefore, Zimmerman has no reasonable basis for a claim for breach of duty of good faith and fair dealing against Kronk.  *Id.*; *see also Great W. Inn*, 2011 WL 1157620 at *5.

   B.   **Negligence and Gross Negligence**

Zimmerman's claim for negligence and gross negligence states, in relevant part:

> . . . Defendant TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY and COREY KRONK's actions surrounding the denial of coverage for Plaintiff's claim, which loss was covered by the insurance policy purchased by Plaintiff, resulted in the aforementioned damages.
> 
> With every contract, there is a common-law duty to perform it with care, skill, reasonable expedience, and faithfulness.  Accordingly, Defendants were under a duty to act with reasonable skill and diligence in performing pursuant to the insurance contract so as not to injure Plaintiff by their performance.  Here, Defendants failed to act with reasonable skill and diligence in performing their duties under the insurance agreement, which resulted in Plaintiff's damages.
> 
> Finally, the duty not to make misrepresentations or to make certain disclosures during the contract formation stage is imposed by law independent of a contract and thus, is actionable.  Here, Defendants failed to disclose various material facts.  For example, Defendants failed to disclose that Plaintiff would limit payment of Plaintiff's claim under false pretenses for a claim that supposedly was covered under the policy.
> 
> Defendants breached the above described duties and . . . [a]s a result of Defendant's negligence and gross negligence, Plaintiff has suffered damages.

(Docket no. 1-4 at 9-10) (emphasis original).  As Kronk is specifically named in this cause of action (unlike all others) and "Defendants," plural, is consistently used throughout, this cause of action is definitely asserted against Kronk.  The Court identifies three possible theories of

6

negligence that Zimmerman may be asserting against Kronk, though Zimmerman does not specify them in the petition or motion for remand: (1) a claim of negligence for violation of contractual duties, (2) a claim of negligent claims handling, or (3) a claim of negligence based on some other duty from common or other law. There is no reasonable basis for any of these three versions of the claim.

### 1. Negligence for Violation of Contractual Duties

In the second paragraph of Zimmerman's negligence claim, he states that "Defendants failed to act with reasonable skill and diligence in performing their duties under the insurance agreement (contract)." (Docket no. 1-4 at 10). Therefore, Zimmerman's claim against Kronk may be construed as one for negligence for violation of duties imposed by contract. However, as stated above, no contract exists to which Zimmerman and Kronk are both parties. Without privity of contract, Kronk had no contractual duties to Zimmerman. Kronk cannot be held liable for negligently violating duties he did not have. *See Natividad*, 875 S.W.2d at 678; *see also Great W. Inn*, 2011 WL 1157620 at \*5.

Next, in the third paragraph of this section, Zimmerman claims that Defendants violated "the duty not to make misrepresentations or to make certain disclosures during the contract formation stage." (*Id.*) First, even if an independent insurance adjuster could be held liable for the violation of such a duty, Zimmerman has pled no set of facts on which such a theory may be upheld. *Jewel v. City of Covington, GA.*, 425 F.2d 459, 460 (5th Cir. 1970) ("General [conclusory] allegations unsupported by facts are insufficient to constitute a cause of action."); *Waters v. State Farm Mut. Auto Ins. Co.*, 154 F.R.D 107, 108 (S.D. Tex. 1994) ("Failure to specify a factual basis for recovery against a non-diverse party constitutes a failure to state a claim and fraudulent joinder of that party."). Zimmerman has not alleged that Kronk was in any

way personally involved during the "contract formation stage." (Docket no. 1-4 at 10). And given the opportunity to elaborate or more clearly argue Kronk's involvement in the contract's formation in his motion for remand,[2] Zimmerman failed to do so. (*See* docket no. 2 at 6-8). Further, Zimmerman's allegations in that paragraph are made against "Defendants" generally and do not identify any specific conduct against Kronk individually. *See Holmes v. Acceptance Cas. Ins. Co.*, 942 F.Supp.2d 637, 648 (E.D. Tex. 2013) ("[P]laintiff's general allegations against 'Defendants,' without inserting facts attributed to the adjuster individually, d[o] not provide a reasonable basis for recovery from the adjuster."). As such, Zimmerman's allegations are entirely conclusory in nature and do not provide a reasonable basis on which he may recover against Kronk for negligently violating a contractual duty.

   2.  **Negligent Claims Handling**

In the first paragraph of Zimmerman's negligence complaint, he mentions "COREY KRONK's actions surrounding the denial of coverage for Plaintiff's claim." (Docket no. 1-4 at 9-10) (capitalization original). Based on this language, Zimmerman's negligence claim against Kronk may be construed as one for negligent claims handling because all of Kronk's "actions surround the denial of coverage" involve his handling of Zimmerman's claim. (*See* docket no. 2-2 at 2-3). However, Texas law does not recognize a cause of action for negligent insurance claims handling. *Bui v. St. Paul Mercury Ins. Co.*, 981 F.2d 209, 210 (5th Cir. 1994) (stating there is no negligent insurance adjusting claim in Texas); *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 448 (5th Cir. 2011) ("Texas law does not recognize a cause of action for negligent claims handling.") (citing *Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997)). This rule has been applied both to insurance companies and to insurance adjusters. *See Rooters*, 428 F. App'x at 448 (holding that an insurance company could not be

---

[2] Or even the proposed amended complaint.

found liable for negligent claims handling); *see also French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994) (holding that an insurance adjuster could not be held individually liable for negligent claims handling); *Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908, 916 (Tex. App.—Dallas 1997) (Claims that an independent adjusting firm negligently investigated a claim against an insured "must also fail as a matter of law."), *overruled on other grounds by Apex Towing Co. v. Tolin*, 41 S.W.3d 118 (Tex. 2001). Because there is no cause of action in Texas for negligent claims handling by adjusters, there is no reasonable basis on which Zimmerman could recover against Kronk for negligent claims handling.

### 3. Common Law Negligence

Finally, Zimmerman's negligence claim may be construed as a simple common law negligence claim. "Although the Texas Supreme Court has not addressed the issue of whether an independent adjuster could be held liable for negligence separate from good faith and fair dealings, the Fifth Circuit has spoken to this issue." *Universal Cas. Co. v. Gilbert Plumbing Co., Inc.*, No. 4:08-2759, 2009 WL 1158844, at *5 (5th Cir. Apr. 29, 2009) (citing *Bui*, 981 F.2d at 209). In *Bui*, a boat owner alleged that the insurance adjuster who handled the owner's claim for boat damage acted negligently in preparing the claim. 981 F.2d at 210. The Fifth Circuit upheld the district court's dismissal of the common law negligence claim, holding that the adjuster "owed no duty to [the insured] under Texas law." *Id.*; *see also Universal*, 2009 WL 1158844, at *5 ("[Since] the independent adjuster owes no duty to the claimant, [he] cannot be held liable for common law negligence"). The existence of a legal duty owed by the defendant to the plaintiff is one of the necessary elements of common law negligence in Texas. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998) ("A negligence cause of action has three elements: 1) a legal duty; 2) breach of that duty; and 3) damages proximately resulting from the breach."). Because

independent adjusters, absent a contract or other special circumstances, owe no duty to the insured in Texas, they cannot be held liable for common law negligence. *Bui*, 981 F.2d at 210; *see also Universal*, 2009 WL 1158844, at *5. Texas law does not recognize a cause of action for common law negligence by the insured against independent insurance adjusters – including Kronk.

No matter how Zimmerman's negligence claim is construed – negligent violation of contractual duties, negligent claims handling, or common law negligence – Texas does not recognize the cause of action against insurance adjusters like Kronk. As such, there is no reasonable basis for a negligence claim against Kronk. *See Smallwood*, 385 F.3d at 573.

### C. All of Zimmerman's Other Causes of Action

Zimmerman's state court petition lists six other causes of action: (1) breach of contract, (2) violations of section 17.50(a) of the Deceptive Trade Practices – Consumer Protection Act ("DTPA"), (3) violations of section 17.46(b) of the DTPA, (4) violations of Chapter 541 of the Texas Insurance Code ("TIC"), (5) violations of Chapter 542 of the TIC, and (6) negligent misrepresentation. (Docket no. 1-4 at 4-11). None of these are stated against Kronk in the petition.

Zimmerman's first cause of action for breach of contract specifically states that "TRAVELERS has committed breach of contract of insurance between the parties." (*Id*. at 4). Zimmerman consistently uses "Defendant," in the singular, to refer to Travelers throughout the breach of contract section. (*Id*.) Kronk is not named in that section. (*Id*.) In addition, the remaining five causes of action refer only to "Defendant" in the singular. Kronk is not specifically named in any of those causes of action, and Zimmerman does not argue that the singular "Defendant" refers to Kronk, not to Travelers. Instead, "Defendant," which clearly is

used to refer to Travelers from the outset of the petition in the breach of contract claim, continues to refer only to Travelers.  Further, Zimmerman's proposed amended complaint, submitted after removal, clearly recognizes the error and attempts to assert these claims against Kronk with the use of "Defendants" in the plural.  (Docket no. 4-1 at 6-9).  Zimmerman thereby affirms that the remaining six causes of action were not asserted against Kronk in the state court petition.  For all these reasons, the Court finds that those causes of action were asserted only against Travelers, not Kronk.

Zimmerman disagrees, contending in his Opposed Motion for Remand and Motion to Amend that he asserted the TIC and DTPA claims against Kronk in the state court petition without pointing to any specific language in his petition to support his argument.  (Doc. 2, 1). Instead, Zimmerman explains that, under Texas law, an insurance adjuster such as Kronk may be held liable for violations of the TIC and DTPA.  (Doc. 2, 2-3).  But even if insurance adjusters may be held individually liable for violating the TIC and DTPA, *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282-84 (5th Cir. 2007) (holding an independent insurance adjuster individually liable for violations of the TIC); Tex. Ins. Code Ann. § 541.151(2) (a "tie-in statute" expressly incorporating liability for violations of the DTPA into the TIC), the mere theoretical possibility that a cause of action may be asserted against a non-diverse defendant is not enough to require remand.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("While the burden of demonstrating fraudulent joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist.").  The cause of action that might plausibly be stated must *actually be* asserted against the non-diverse defendant in the live petition at the time of removal.  *Id*.  Thus, though TIC and DTPA claims against Kronk are hypothetically possible, that fact is irrelevant.  As

shown above, Zimmerman did not actually assert those claims against Kronk in his state court petition, and Zimmerman fails to point to any language in the petition that might indicate the claims were alleged against Kronk. As the DTPA and TIC claims were not asserted against Kronk, there is no reasonable basis in the state court petition for the Court to conclude that Zimmerman might be able to recover against Kronk on those causes of action. *See Griggs*, 181 F.3d at 701.

Because Zimmerman cannot establish any cause of action against Kronk in the state court petition, the non-diverse party in this action, there is no reasonable basis to predict that the plaintiff might be able to recover against an in-state defendant. *See Smallwood*, 385 F.3d at 573. Therefore, the Court finds that Kronk was improperly joined and that this Court has diversity jurisdiction over this suit.

## IV.   Analysis – Motion for Leave to Amend

A court's subject matter jurisdiction may be defeated by the addition of a non-diverse defendant.[3]  *See Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) (explaining that generally jurisdiction is determined at the time a suit is removed and post-removal developments to lower the amount in controversy or change the citizenship of a party will not divest jurisdiction; however, the addition of a non-diverse defendant will defeat jurisdiction). Since joinder of a non-diverse defendant has such a drastic consequence on jurisdiction, a court has discretion to permit or deny joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject

---

[3] Zimmerman argues his amendment "merely clarifies or corrects allegations against Kronk" and thus is not "attempting to add new Defendants." (Docket no. 4 at 6, 8). However, Kronk was improperly joined in the state court petition. Therefore, Zimmerman is adding a new defendant with his proposed amendment, which definitively asserts additional claims against Kronk.

12

matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

While Federal Rule of Civil Procedure 15(a)(2) requires a court to "freely give leave to amend when justice so requires," a district court should scrutinize a proposed amendment to add a non-diverse defendant more closely than an ordinary amendment. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). When an amendment will defeat jurisdiction, the court must balance the defendant's right in "maintaining the federal forum with the competing interest of not having parallel lawsuits." *Id*. at 1182. Among the factors a court should consider are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factor bearing on the equities. *Id*. "As a plaintiff will not be 'significantly injured' by the denial of a clearly meritless claim, it is within the district court's discretion to deny the amendment as futile if there is no reasonable basis to predict that the plaintiff will be able to recover against the non-diverse, non-indispensable party sought to be added as a defendant." *Wilson v. Bruks–Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010). If the court permits the amendment, then it must remand to state court. *Hensgens*, 833 F.2d at 1182.

### A. Extent to which the Purpose of the Amendment is to Defeat Federal Jurisdiction

The first *Hensgens* factor requires the Court to examine "the extent to which the purpose of the amendment is to defeat federal jurisdiction." *Hensgens*, 833 F.2d at 1182. Bearing on this factor is whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court petition was filed. *See, e.g.*, *Rouf v. Cricket Communications, Inc.*, NO. H–13–2778, 2013 WL 6079255, at *2 (S.D. Tex. Nov. 19, 2013) (denying amendment

after finding that plaintiffs knew about the proposed non-diverse defendants when suit was filed). If a plaintiff moves to amend shortly after removal, some courts have viewed that as evidence of a primary purpose to defeat jurisdiction. *See, e.g.*, *Gallegos v. Safeco Ins. Co. of Indiana*, NO. H–09–2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009) (finding that a plaintiff's filing of a motion for leave to amend and a motion for remand less than a month after removal evidenced the amendment's principal purpose of defeating jurisdiction).  Additionally, if the amendment seeks to add additional defendants after an original non-diverse defendant was found to be improperly joined, or seeks to add new claims against the improperly joined non-diverse defendant, some courts have viewed that as evidence of a primary purpose to defeat jurisdiction. *E.g. Smith v. Robin America Inc.*, NO. H-08-3565, 2009 WL 2485589, at *5 (S.D. Tex. Aug. 7, 2009) ("Plaintiff's efforts to avoid a federal forum by filing in state court and naming a non-diverse party against which there was no reasonable possibility of recovery, then moving to remand when the case was removed, provide some evidence that she filed the motion to add new parties who would destroy federal jurisdiction for that purpose.").  "This is an especially strong inference to make when the motion to remand is made within the same pleading as the motion for leave to amend" or after the motion to remand. *Id*.

     Here, Zimmerman definitely knew Kronk's identity when the state court petition was filed.  Kronk was named in that petition, but for unsupportable claims.  (*See* docket no. 1-4). The claims that Zimmerman attempts to newly assert against Kronk were available at the time of the state court petition – nothing in the proposed amendment provides new facts or legal bases unavailable to Zimmerman at the time of his initial petition. (*See* docket no. 4-1). Zimmerman's motion to amend also comes shortly after the removal.  The court in *Gallegos* considered a motion to amend that was filed less than a month after removal to be evidence of a primary

purpose to defeat jurisdiction. *Gallegos*, 2009 WL 4730570, at *4. Zimmerman's "Motion for Remand and Motion to Amend" was filed exactly one day short of a month from the date of removal. (Docket no. 1; Docket no. 2). His properly filed motion to amend was filed 45 days after removal and only after Travelers' response to the motion for remand, (Docket no. 4), which the court sees as even stronger evidence that the purpose of the amendment is to defeat jurisdiction than if the motion for leave to amend had come at the same time as the motion for remand. Therefore, the inference that Zimmerman's primary purpose in submitting his motion to amend is to defeat jurisdiction and avoid federal court is very strong. *See Smith*, 2009 WL 2485589, at *5.

Once it was finally attached to the motion to amend, the amended petition differed very little from the original petition except to change "Defendant" to "Defendants" in almost all cases and to address Travelers' jurisdictional arguments. (*See generally* docket no. 4-1). Zimmerman's state court petition also improperly joined Kronk initially because Zimmerman had no reasonable possibility of recovery against Kronk on the claims asserted. *See Smith*, 2009 WL 2485589, at *5. The first *Hensgens* factor therefore weighs heavily against granting Zimmerman's motion to amend as it appears the purpose of the amendment is to defeat diversity jurisdiction.

### B. Whether Zimmerman Has Been Dilatory in Asking for the Amendment

The second *Hensgens* factor requires the court to consider whether Zimmerman was dilatory in asking for the amendment. *Hensgens*, 833 F.2d at 1182. Generally, a plaintiff is not dilatory in seeking to amend a complaint when "no trial or pre-trial dates [have been] scheduled and no significant activity beyond the pleading stage has occurred." *Herzog v. Johns Manville Products Corp.*, NO. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002); *Smith v.*

*Robin America Inc.*, NO. H-08-3565, 2009 WL 2485589, at *5 (S.D. Tex. Aug. 7, 2009). Here, no scheduling order had been entered when Mr. Zimmerman sought to amend to make his additional allegations against Kronk. Nevertheless, when, as is the case here, a plaintiff's true motive in seeking to add a defendant is to defeat jurisdiction, speed is not terribly relevant. *See Adey/Vandling, Ltd. V. Am. First Ins. Co.*, NO. A-11-CV-1007-LY, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012). Therefore, Zimmerman's speed in attempting to amend weighs only slightly in favor of allowing his amendment.

### C. Whether Zimmerman Will Be Significantly Injured if Amendment Is Not Allowed

The third *Hensgens* factor is whether a plaintiff will be significantly injured if amendment is not allowed. *Hensgens*, 833 F.2d at 1182. When considering this factor, courts look to "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Lowe v. Singh*, No. H10–1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010). Courts also consider "whether the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden." *Adey/Vandling,* 2012 WL 534838, at *4. Here, assuming that Zimmerman can assert the DTPA and TIC claims against Kronk, Zimmerman may be forced to litigate in two different court systems if leave to amend is denied. This burden is mitigated, however, by the fact that Zimmerman can likely obtain full relief from Travelers alone because he seeks money damages on claims for which both Travelers and Kronk are defendants and Travelers has the deeper pockets. *See Boyce v. CitiMortgage, Inc.*, 992 F.Supp.2d 709, 721 (W.D. Tex. 2014) (finding that this factor was neutral where the plaintiff could obtain full relief from those defendants already in the suit because no claims were unique to the new defendant). Therefore, inability to

litigate against Kronk in federal court likely will not harm Zimmerman. As such, though Zimmerman may voluntarily assume litigating in multiple forums, he likely can obtain full relief without doing so. The third *Hensgens* factor, therefore, is neutral.

### D. Any Other Factor Bearing on the Equities

Finally, the fourth *Hensgens* factor requires the Court to consider any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182. There are no other factors relevant in this case.

Examining all of the factors, the Court finds that the primary purpose of Zimmerman's proposed amendment is to defeat jurisdiction. The first and fourth factors weigh heavily in favor of denying leave. The second factor weighs only slightly in Zimmerman's favor. The third factor is neutral. The balance is clearly in favor of denial. Therefore, the Court denies Zimmerman's motion for leave to amend his original petition, thus retaining jurisdiction over this case.

### V. Conclusion

For the above reasons, the Court DENIES Plaintiff's motion for remand (docket no. 2) and motion for leave to amend (docket no. 4). The Court has jurisdiction over this removed case and denies remand. Defendant Kronk is dismissed as improperly joined.

It is so ORDERED.

SIGNED this 30th day of June, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE